Daniel, J.
 

 This was an antion of assumpsit. Pleas—
 
 “ Non
 
 assumpsit,” and the “
 
 statute of
 
 fraudsThe case was as follows: One Spiers was indebted to one Wilson, in the sum of $1,000. Spiers conveyed to the plaintiff a lot of land, lying in the
 
 town
 
 of Murfreesborougk in trust, to secure the payment of the debt he owed to Wilson. An execution against Spiers (to the use of the defendant) of a junior date to the deed of trust, was levied on the lot by the sheriff of Hertford. He exposed the land for sale on the 11th day of January, 1843, and the defendant, Wilson, purchased it. The plaintiff alleged in his declaration, that the defendant promised to pay him the balance of the debt due under his deed of trust, if he would not set up his title to the lot, and would not forbid the sale. And he avers that he did not set up his title or forbid the sale, made by the sheriff. In addition, the plaintiff introduced a witness, one Henry Beale, who stated that on or about the 16th day of February, 1843, he heard a conversation between the plaintiff and the defendant, when the defendant said to the plaintiff: “ Hold on upon your claim against Spiers and I will pay it.” The plaintiff then agreed to do so ; the defendant asked him what the amount of the Spiers debt then was : the plaintiff said it was about $60. The defendant on the trial insisted, that the plaintiff' had not proved any promise made by him before the day of the sale of the land made by the sheriff, and if he had it was void by force of the 10th s. of
 
 statute of frauds,
 
 (Rev. St. c. 50) which declares that no action shall be brought to charge a defendant upon any special promise to answer the debt, default or miscarriage of another person, unless the. agreement or some note or memorandum thereof shall be
 
 *432
 
 in writing ” ’ The plaintiff replied to this argument that lie gave a new consideration, to-wit, a promise not to set up his title and not to forbid the sale, which new consideration took the past promise of the defendant out of the 10th sec. of the statute. The defendant rejoined in argument and said, that the promise (if any.) which was made by him, was without any new consideration, according to the plaintiff’s own admissions, to-wit, that he had made the promise by parol, that he would not set up his title under the deed in trust, and that a parol promise to part with any interest in or concerning land (except leases under three years duration,) is void and of no effect by force of the 8th sec. of the
 
 statute of frauds.
 
 The judge was of opinion, that there was no evidence in the case to prove a promise made by the defendant before the sale of the lot of land by the sheriff. In this opinion wc concur. And if there had been a parol promise proven that the defendant should pay the debt due by Spiers, it could not have been enforced for the reasons given by the defendant. The plaintiff then rested his case on the evidence given in by the. witness, Beale. And the judge charged the jury, that if they came to the conclusion from his evidence, that a promise had been made by the defendant, to pay the debt of Spiers due to Wilson, in consideration, tiie plaintiff. Jordan, forbore to sue for the land under the deed in trust, (both parties then believing the ' deed to be good iu law,) and such forbearance had been given by the plaintiff, that was a good consideration in law, for the promise, and the plaintiff was entitled to recover. The jury found for the plaintiff on the evidence of Beale under the charge of the
 
 Court.
 
 And the defendant appealed. We are of opinion that his Honor was wrong in this part of his charge ; because there was no debt; due from Spiers to the plaintiff) and his promise to forbear could not amount to a good consideration in law, to uphold a promise of the defendant, to pay a debt to the plaintiff, due by Spiers to Wilson, so as to enable the
 
 *433
 
 plaintiff to declare upon it in his own name. There must be a new trial.
 

 Per Curiam. New trial awarded.